## DONALD v. NESBIT *et al.*

An instrument in the form of a deed, executed but not delivered in the lifetime of the maker, which purports to "grant, bargain, sell and convey" to two nieces, for love and affection, an undivided half of certain premises, and to another person the other undivided half, in consideration of personal services rendered and to be rendered by him, and containing these words: "but in no event is this deed to go into effect until after my death," is testamentary in its character, and not a deed of conveyance operating *in præsenti. Bright* v. *Adams,* 51 *Ga* 239.

May 16, 1892. By two Justices.          *Judgment affirmed.*

Will. Deed. Before Judge MARSHALL J. CLARKE. Fulton superior court. September term, 1891.

Melissa Nesbit, Lula Williams and Henry Williams by their equitable petition sought, among other things, to set aside an instrument executed by Ann Davis, of whom they were the only heirs, to one Donald. They alleged that this instrument was not a deed but was testamentary in its nature, and that it never was delivered. The defendant's answer does not allege its delivery, but shows that it was not delivered to him or any one else, and that it was deposited in the maker's trunk where it remained until taken out by some of the plaintiffs, presumably after her death. It was agreed that the only question in the case was, whether the paper in question was a deed or testamentary in its character, and that that question should be submitted to the court, and the verdict be in accordance with the construction by the court of the paper. The court held that the paper was testamentary in its character and not

a deed, and a verdict was rendered accordingly. Defendant moved for a new trial upon the grounds that the verdict was contrary to law, evidence, etc., and that the court erred in its holding. This motion was overruled, and defendant excepted.

The paper in question was executed as a deed. The parties to it were Ann Davis of the first part, and Donald, Melissa Nesbit and Lula Williams of the other part. It stated that the party of the first part, in consideration of $5 paid, had granted, bargained, sold and conveyed, and did grant, bargain, sell and convey to the parties of the second part, their heirs and assigns, certain land, describing it; and further, "one half of said lot is intended for S. M. Donald, and the other half for my nieces, to wit Melissa Nesbit and Lula Williams; the real consideration being, that said S. M. Donald has been waiting on me for some time and has been faithful, and but for him I would have been helpless and would have suffered, and he is to continue waiting on me and providing for me as long as I live. My nieces above named, I make this gift for the love and affection I have for them; but in no event is this deed to go into effect until after my death." This was followed by *habendum* and warranty clauses usual in a deed.

R. J. JORDAN, by brief, for plaintiff in error.

J. R. WHITESIDE, *contra.*