Wilson *v.* Carrico.

Filed March 13, 1895.

---

No. 17,235.

## WILSON *v.* CARRICO.

DEED.—*Taking Effect After Death of Grantor.*—*Conveyance of Present Interest.*—*Postponement of Enjoyment.*—*Testamentary Disposition.*— An instrument, executed and recorded as a deed, which "conveys and warrants" described real estate, and then provides that "the above obligation to be of none effect until after the death" of the grantor, and then to be in full force, conveys a present interest in the real estate, but postpones the enjoyment, and is not void as an attempted testamentary disposition.

CONSTRUCTION.—*Ambiguous Instrument.*—*Acts of Parties.*—In construing an ambiguous instrument, the construction placed upon it by the acts of the parties will be considered.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellant.

*W. S. Maple* and *J. T. Hays*, for appellee.

JORDAN, J.—Action in ejectment by appellant to recover certain real estate and to quiet title thereto. The error assigned is that the court erred in sustaining a demurrer to appellant's complaint. A condensed statement of the facts as they appear in the complaint, are as follows:

That on November 18, 1867, one Bazzle Carrico was the owner in fee simple of certain described lands situated in Sullivan county, Indiana. On that day he and his wife, Frances, duly executed to one Elza Carrico a deed

for the real estate sought to be recovered in this action, said deed being as follows, to wit:

"This indenture witnesseth that Bazzle Carrico and Frances Carrico, his wife, of Sullivan county, in the State of Indiana, convey and warrant to Elza Carrico, of Sullivan county, in the State of Indiana, for the sum of one hundred and fifty dollars, the following real estate in Sullivan county, in the State of Indiana, to wit: The northeast quarter of the northeast quarter of section thirty-one, township seven north of range eight west, with the exception of ten acres off the east side of the forty acres, containing thirty acres, more or less. The above obligation to be of none effect until after the death of the said Bazzle Carrico and Frances Carrico, then to be in full force. In witness whereof the said Bazzle Carrico and Frances Carrico have hereunto set their hands and seals this 18th day of November, 1867.

"BAZZLE CARRICO.    [Seal.

her
"FRANCES X CARRICO. [Seal.]
mark

"STATE OF INDIANA, }
"SULLIVAN COUNTY, } ss:

"Before me, Benson Usrey, a justice of the peace in and for said county, this 18th day of November, 1867, came Bazzle Carrico and Frances Carrico, and acknowledged the execution of the annexed deed.

"Witness my hand and official seal.

"BENSON USREY, J. P. [Seal.]"

This deed was recorded in a few days after its execution in the recorder's office of Sullivan county, Indiana. On March the 9th, 1870, Elza Carrico and wife conveyed the land in controversy, by a warranty deed, to appellant, for and in consideration of the sum of two hundred and fifty dollars ($250), and they provided in this deed that

the land was conveyed subject to the life estate of Bazzle and Frances Carrico. This deed was also acknowledged and recorded. Bazzle Carrico died on September 6, 1872, and his wife, Frances, died on January 11, 1892. Other facts, not necessary to be considered in the determination of this case, are omitted. We are informed by the briefs of the parties that the trial court held the deed void upon the ground that in its character it was testamentary. The learned counsel for the appellant denies that the deed is in any respect testamentary, and insists that by it there was a conveyance of the premises therein described to the grantee and that the subsequent and questionable clause therein contained was intended by the grantor as a reservation or postponement of the full use and enjoyment of the realty by the grantee until after the death of the grantors; that after the demise of each of these the deed in question was to be in full force, or, in other words, that the complete enjoyment of the use and occupation of said land by the provision of the clause in controversy was postponed until after the death of Carrico and wife, and was then fully to vest in the grantee. Upon the other hand, the learned counsel for appellee say that they do not controvert but what the instrument in question was intended by the parties as a deed, and not as a will, and concede that it has all the formalities of the former. But they contend that it was the evident purpose and intent of the grantor to reserve all the estate which he intended to convey, and that the deed was not to take effect until after the death of himself and wife, and that hence it must be held to be testamentary in its character, and therefore void for the reason that it is not executed in accordance with requirements of the statute on wills. The instrument in question calls for a judicial construction, and in this the court must seek for and be guided by the intention of

the grantor.   And this intention must be deduced and arrived at by consideration of all of its parts, and in this construction we must observe and adhere to the rule that this deed in both the granting part and the clause under consideration must be construed most strongly against the grantor and in favor of the grantee.

It was a principle recognized by the feudal law, that there should always be a known owner of every freehold estate, and that the title thereto should never be in abeyance.   Hence at common law a freehold to commence *in futuro* could not be conveyed for the reason that the same would be in abeyance from the execution of the conveyance until the future estate of the grantee should vest.

Under the statute of this State a freehold estate may be created to commence *in futuro;* section 2959, R. S. 1881, section 3379, R. S. 1894; and hence the common law principle above stated has been entirely abrogated. This deed is in the statutory form, and in the granting part accords with the provisions of section 2927, R. S. 1881, section 3346, R. S. 1894, and contains what are, by law, made operative words of conveyance, and in effect transfers all the estate or interest of the grantors in the lands in suit to the grantee. The terms "convey and warrant," when given their legal purport or acceptation, fully indicate an intention to convey a present estate to the grantee, and defend the title thereto; and in no way is it apparent or to be inferred from these words that the grantors intended to devise the real estate in question. The instrument was acknowledged and recorded in like manner as are other deeds, therefore we fail to recognize anything which signifies that it was intended to serve the purpose of a will.   The question then arises, what was the purpose intended to be served by the inapt expression, namely: "To be of none effect until after the

death of said Bazzle Carrico and Frances Carrico, then to be in full force."

It is evident that the drafting of the indenture in question was not skillfully performed, and that thereby it very closely approximates to what may be termed the "danger line" by which a judicial construction might result in adjudging the deed to be a nullity.

While it may be said in regard to the point under consideration that the authorities "fight on both sides" of the question; however, we find that in the later decisions the courts are inclined to uphold a deed of this character, if, upon a reasonable interpretation of all its parts, it can be said that the grantor did not intend to create, or in other words execute, that which must be construed and held to be void.

In construing written instruments courts frequently do,—and properly, too,—give to an expression a meaning different from that which it ordinarily bears in order to import sense into it and make it speak that which, upon an inspection of the whole, the parties really intended that it should.

We find that there is no ambiguity in the granting clause of the deed in the case at bar, and, consequently, we are left free to effectuate the intention of the grantor expressed in the subsequent clause or condition. The grantors had, as we have seen by operative words, clear and significant, conveyed an interest or fee *in præsenti* to the grantee; having done this they could not, in legal parlance, "blow hot and cold," or, in other words, reserve or take back that which they had granted.

In the case of *Owen* v. *Williams*, 114 Ind. 179, the instrument in contest was in the form of a deed and in the granting clause, by its terms, "did convey and warrant to Williams after my decease and not before." This court held that the phrase "after my decease and not before"

did not make the deed testamentary, but was meant and operated to show that the grantee's use and enjoyment of the realty would not begin under the deed until after the death of the grantor.

In the case of *Cates* v. *Cates*, 135 Ind. 272, the deed therein in controversy was also in the statutory form, but contained the following reservation: "The grantor, Prior Cates, hereby expressly excepts and reserves from this grant all the estate in said lands, and the use, occupation, rents, and proceeds thereof unto himself during his natural life." This court, in that case, upon a full review and consideration of many authorities upon the question involved, held that such an instrument must be construed as conveying a present interest in the real estate, the full enjoyment of which was postponed until after the grantor's death.

In the case of *White, Admr.,* v. *Hopkins*, 80 Ga. 154, cited in *Cates* v. *Cates, supra,* the deed contained this clause or condition: "The title to the above described tract of land to still remain in the said Lemuel Hopkins (grantor), for and during his lifetime, and at his death to immediately vest in the said Lewis Hopkins (grantee)." It was held by the Supreme Court of Georgia in that case that an absolute title was, by this deed, conveyed to the grantee; that it passed a present interest in the land, and took effect immediately, and that after its execution it was irrevocable by the grantor.

In *Graves* v. *Atwood*, 52 Conn. 512, the deed contained the following: "The condition of this deed is such that I hereby reserve all of my right, title and interest in the aforesaid described pieces of land, with all the buildings thereon, during my natural life." It was held by the court that this condition, read in the light of the grant, was to be interpreted as a reservation of the same meas-

ure of use thereafter as tenants for life, as the grantor had before enjoyed it as owner.

In *Webster* v. *Webster*, 33 N. H. 18, the condition was: "Reserving all the right, title and interest in and unto the above named land, etc., for and during my natural life."

In *Bunch* v. *Nicks*, 50 Ark. 367, the deed contained the following clause: "And the deed shall go into full force and effect at my death." The court held this deed to be a valid one, conveying a present title to the grantee with the right of possession and use postponed until the grantor's death.

In *Wyman* v. *Brown*, 50 Me. 139, the deed was as follows: "This deed not to take effect during my lifetime —to take effect and be in force from and after my death." This was held to be valid.

In the case of *Abbott* v. *Holway*, 72 Me. 298, the instrument contained this clause: "This deed is not to take effect and operate as a conveyance until my decease." This was held to be a good and valid conveyance.

In *Shackelton* v. *Sebree*, 86 Ill. 616, the deed contained covenants of warranty, and also this clause: "This deed not to take effect until after my death—not to be recorded until after my decease."

This instrument was held operative as a deed, and not intended as a testamentary disposition of property. These authorities, most of them at least, were cited with approval by this court in *Cates* v. *Cates, supra*.

It is a settled legal rule that in the interpretation of an instrument, where the terms employed are ambiguous, or susceptible of more than one meaning, the court will consider the subsequent acts of the parties to ascertain how they understood it, and as indicating what construction they have placed upon it. *H. G. Olds Wagon*

*Works* v. *Coombs*, 124 Ind. 62, and cases there cited; *Lyles* v. *Lescher*, 108 Ind. 382.

However, while it is proper to resort to this rule to show a practical construction by the parties, still, after all, the intention must be determined from the words of the instrument.

The manner in which this deed was treated by the parties in this case, as it appears, is briefly as follows: It was executed in 1867 for a valuable consideration and duly recorded. In 1870, during the lifetime of the grantors, for a valuable consideration, the grantee sold and conveyed the land to the appellant subject to the life estate of the former. This deed was also recorded. Bazzle Carrico died in 1872, two years and over after the conveyance to the appellant. Frances, his wife, died in 1892, nearly twelve years after this second conveyance, and not until after her death, so far as it is disclosed, was this deed called in question. These subsequent acts of the grantors, in suffering the deed to be placed upon record, and in permitting the land to be sold and conveyed by their grantee to the appellant, subject to their life estate, are incompatible with the contention of appellee and hostile to the theory now advanced and advocated by him.

In Broom's Maxims, star page 540, in translating a fundamental maxim of the law, it is said: "A liberal construction should be placed upon written instruments so as to uphold them if possible, and carry into effect the intention of the parties." Applying the reason and the principle, as laid down by the authorities cited, and guided by the rule of construction, that the clause in controversy must be construed most favorable to the grantee, we can not hold that the grantors intended that this obligation was to be null and void; but we are constrained to decide that it conveyed a present

interest in the real estate to the grantee, the full enjoyment of which was, by the subsequent clause, intended to be postponed until after the death of both of the grantors. By so holding we carry into effect the intention of the parties, and we fail to recognize wherein this construction works an injury or injustice to any one. This interpretation, we think, will simply carry out the intention of Carrico and his wife and give protection to the rights of a purchaser acquired on the faith of their deed and their acts. The conclusion we have reached renders it unnecessary to consider the repugnancy, if any, existing between the grant and the exception. However, when such does exist it is well settled that the latter is void. See cases cited in *Cates* v. *Cates, supra.*

It therefore follows that the court erred in sustaining the demurrer to the complaint.

Judgment reversed at the cost of the appellee, with instruction to the lower court to overrule the demurrer to the complaint and to proceed in accordance with this opinion.

