IRWIN SAUNDERS, Appellant, v. ·ERNEST SAUNDERS.

**Deed Construed:** INTEREST IN PRAESENTI: *Imperfectly executed testamentary disposition.* An instrument in the form of a deed recited that the maker sold and conveyed certain land subject to the occupancy and possession of the grantor during her life, and it was intended that the "deed" should be of no force until after the death of the grantor. *Held,* that it was the intention of the grantor to convey an interest in *praesenti,* and the instrument was valid as a deed, with the possession postponed until the grantor's death, and not void as an improperly executed testamentary disposition.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

SATURDAY, DECEMBER 21, 1901.

THE plaintiff is one of the heirs of Harriet E. Saunders, deceased, and claims an interest in the property in controversy by reason thereof. He avers that the defendants claim adversily to him under and by virtue of an instrument in writing, in the form of a deed, purporting to be a conveyance from said Harriet E. Saunders to the defendant, a copy of which is as follows:

"Know all men by these presents, that I, Harriet E. Saunders, of Poweshiek county, Iowa, in consideration of one dollar in hand paid by Ernest F. Saunders, of Poweshiek county, Iowa, do hereby sell and .convey unto the said Ernest F. Saunders the following described premises, situated in the county of Poweshiek, state of Iowa, to-wit: The east three-fourths of the north half of the south-

west quarter, and one acre in the southwest corner of the northwest quarter of the southeast, being twenty rods east and west, and eight rods north and south, all in section twenty-one, township seventy-eight, range fifteen west, subject, however, to the occupancy and possession of said real estate for and during the natural life of the grantor. The intention being that this deed shall not be in force or take effect until after the death of the grantor herein. And I hereby covenant with the said Ernest F. Saunders that I hold said premises by good and perfect title; that I have good right and lawful authority to sell and convey the same; that they are free from all liens and incumbrances whatsoever; and I covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever. Signed the 30th day of August, 1895.

her

"Harriet E.  X  Saunders.

mark.

"Witness mark: J. W. Carr."

The plaintiff alleges that said instrument is testamentary in character, and asks that it be declared void, and that an estate in the land be established in him.   There was a demurrer to the petition on the ground that it affirmatively shows a conveyance of the land to the defendant in the lifetime of Harriet E. Saunders.   The demurrer was sustained, and the plaintiff appeals.—*Affirmed.*

*S. R. Clute* for appellant.

*J. W. Carr* and *Haines & Lyman* for appellee.

Sherwin, J.—If the instrument under consideration is not a deed conveying a present interest in the land, it is nothing of any validity; for it cannot be enforced as a will, because not properly executed. The appellant concedes, and rightly so, that but for the language, "The intention being

that this deed shall not be in force or take effect until
after the death of the grantor herein," the instrument would
be a deed conveying a present estate, but with the posses-
sion and enjoyment thereof postponed until after the death
of the grantor.   It is fundamental that the intention of the
maker of an instrument must control in all cases of this
kind, if the intention can be ascertained from the entire
instrument, and the true test to determine whether it is a
deed or a will is whether it is to take effect immediately, or
only upon the death of the maker.   This instrument recites
a valuable consideration paid by the defendant.   It says
that the maker does "hereby sell and convey" land accur-
ately and specifically described.   It contains a covenant that
the maker holds said premises by "good and perfect title;"
that she has "good right and lawful authority to sell and
convey the same;" that it is free from all incumbrances; and
the title is warranted.   It was acknowledged, delivered, and
filed for record in the proper office, and duly recorded.   All
of these matters are considered as strong evidence of an in-
tention to convey an interest *in praesenti*.  Again, the instru-
ment cannot be given force as a will, and the law presumes
that the maker knew what requisites were necessary to give
it such character, and that they were intentionally omitted.
It is also to be presumed that she intended to make a valid
instrument, and it will be so construed if possible.   The
instrument says that the conveyance is "subject, however, to
the occupancy and possession of said real estate for and
during the natural life of the grantor."   It will be noticed
that the language here used is only consistent with the con-
veyance of a present interest, and furnishes a strong indi-
cation of the intent of the grantor.   Then in the language
following the instrument is referred to as a "deed," and
from the whole instrument there can be but little question
as to the grantor's intention when she executed it.   That
she fully intended to convey a present interest in the land,
the enjoyment of which only was to be postponed until

after her death, we do not doubt. The statement of intention that the deed shall not be effective until after her death was evidently an attempt to more fully and explicitly set forth the fact that the conveyance was subject to her use and occupancy during life. It follows immediately thereafter, and must be read in connection therewith. It was to make certain the intention to retain possession of the land during life, and nothing more. Jones, Real Property, section 527; Page, Wills, section 52; Schouler, Wills (3d Ed.) section 272; *Wilson v. Carrico,* 140 Ind. 533 (40 N. E. Rep. 50, 49 Am. St. Rep. 213); *Latimer v. Latimer,* 174 Ill. Sup. 418 (51 N. E. Rep. 548); *Phillips v. Lumber Co.,* 94 Ky. 445 (22 S. W. Rep. 652, 42 Am. St. Rep. 367); *Seals v. Pierce,* 83 Ga. 787 (10 S. E. Rep. 589, 20 Am. St. Rep. 344); *White v. Hopkins,* 80 Ga. 154 (4 S. E. Rep. 863); *Sharp v. Hall,* 86 Ala. 110 (5 South. Rep. 497, 11 Am. St. Rep. 28); *Burlington University v. Barrett,* 22 Iowa, 60; *Hinson v. Bailey,* 73 Iowa, 544. The appellant relies upon *Leaver v. Gauss,* 62 Iowa, 314, to support his contention. At first blush it might appear to do so, but in reality it does not. In that case the instrument was a deed in form but contained this language: "To commence after the death of both of the said grantors." and, "It is hereby understood and agreed between the grantors and the grantees that the grantees shall have no interest in said premises as long as the grantors, or either of them, shall live." It was held that the sentence last quoted was, in effect a declaration that no estate was created and the case was decided on that theory. Here there is no such declaration, and we are left to determine the true intent from the entire instrument.

We think it is a deed, and the judgment of the district court is AFFIRMED.