AGNES LEFEBURE, by her next Friend et al., Appellants, v. LEANDER LEFEBURE ET AL., Appellees.

**Descent and distribution:** CONVEYANCE BY ADMINISTRATOR AND HEIR: FRAUD. One who is the sole heir to an estate and the administrator thereof, may convey the property by administrators deed to his children, without collecting or intending to collect the price; and by so doing he perpetrates no fraud upon his wife, who has by an antenuptial contract, released her dower interest in his property; nor upon a child subsequently born to her.

**Executors and administrators:** RIGHTS OF ADMINISTRATOR. Where one in his lifetime could not have maintained an action, either in his personal capacity or as administrator, his personal representative, upon his death, is in no better position to do so.

**Descent and distribution:** FAILURE TO PROVIDE FOR A CHILD: EFFECT. Failure to provide for a child by will or otherwise, does not create a right of action in favor of the child against the estate of his deceased parent.

**Testamentary disposition of property:** INHERITANCE. The conveyance of land in severalty by a father to his children is not testamentary in character, and therefore not subject to right of inheritance in a child subsequently born.

*Appeal from Linn District Court.*—HON. M. P. SMITH, Judge.

THURSDAY, JULY 1, 1909.

THIS is an action brought by Agnes Lefebure, a minor, and by two administrators to establish the alleged title of the minor in certain one hundred acres of land. There was a decree dismissing the petition, and plaintiffs appeal. —*Affirmed.*

*Redmond & Stewart,* for appellants.

*Voris & Haas* and *Lewis Heins,* for appellees.

EVANS, C. J.—On January 25, 1901, Emil Lefebure was a widower and a very old man. He had five sons and two daughters, and was the owner of lands in Linn County. On the date named he entered into an ante-nuptial contract with Mary Sinnett in contemplation of marriage. On April 13, 1901, and before his proposed marriage, he conveyed all his lands in severalty to his children, reserving to himself a life estate. On April 17, 1901, he was married to Mary Sinnett, who has survived him as his widow, and, as administratrix, is a plaintiff in this case. In December, 1901, his youngest son, Charles, died unmarried, leaving the father as his only heir at law. The only property left by him was one hundred acres of land, being the same land which his father had conveyed to him in the April preceding. He left no debts, except the expenses of last sickness and funeral. Nevertheless the father took out letters of administration on his estate, and was appointed administrator. He made an application to the probate court, regular in form, for an order to sell real estate to pay debts. This order was granted, and regular proceedings had, in pursuance of which he sold the real estate at the appraised price to his four sons. The sale was duly reported to the court, and approved; the administrator having charged himself with the receipt of the purchase price. The administrator did not in fact collect the purchase price from his sons, nor did he intend to do so. On the contrary, he paid all claims against the estate, and all expenses, and forgave to his sons the price of the purchased land. We may stop the narrative at this point long enough to say that this is the proceeding which is attacked in this case, and which it is claimed should be set aside for fraud. On January 31, 1904, the child, Agnes, was born of the second marriage. On May 6, 1905, Emil Lefebure died. He had not been formally discharged as administrator of

the estate of his son.   After his death his widow was appointed as administrator of his estate, and her attorney was appointed as administrator *de bonis non* of the estate of Charles Lefebure.   The two administrators and the child join as plaintiffs in attacking the proceedings referred to.   The defendants are the other children of the deceased Emil Lefebure.

The contention of the plaintiffs is that the administrator's deed of the one hundred acres to the four sons should be set aside, and that the title thereto should be vested in the minor child, Agnes, because no provision was made for her; that if this can not be done, then that the estate of Charles should be permitted to recover the purchase money on the same ground.   The record is voluminous, and we have gone through it with much care. We are unable to discover therefrom what constituted the fraud which is made the basis of attack.   The old father was the sole beneficiary of the estate of his son Charles. The title of the real estate was cast upon him.   Under his antenuptial contract his wife had no dower interest therein.   This was the situation two years before the child, Agnes, was born.   He had the absolute right to convey the property in question to his four sons, either by gift or sale. For some reason he chose to administer upon the estate, and to convey by administrator's deed.   If he perpetrated any fraud, upon whom did he perpetrate it?   Not upon the child, Agnes, because she was not in being.   Not upon his wife, because he had made satisfactory provision for her in the antenuptial contract, which he fully performed.   Not upon his other children, for none of them complain.   The logic of appellant's argument is that he perpetrated the fraud upon himself.   The language of the argument is that he perpetrated the fraud "upon the court."

It is manifest that he himself in his lifetime could not have brought this action nor obtained relief on this

*1. DESCENT AND DISTRIBUTION: conveyance by administrator and heir: fraud.*

ground, either in his personal capacity or as administrator

2. EXECUTORS
AND ADMINIS-
TRATORS:
rights of ad-
ministrator.

of his son. We are unable to see how the administrators can now occupy any better position than he himself could have occupied. No rights of creditors are involved.

But it is said that no provision was made for the child, Agnes. If that be so, it furnishes no standing ground. The law laid no compulsion upon him in that respect. Even though he had not divested

3. DISSENT AND
DISTRIBUTION:
failure to pro-
vide for a
child: effect.

himself of his property before she was born, he would still have had the absolute right to do so after she was born. For aught that appears in this record she was the only child of her mother, and he may have deemed her prospective inheritance of her mother's estate to be as valuable as the property conveyed by him to his other children. Be that as it may, the failure of a father to provide for a child, by will or otherwise, does not give rise to a cause of action in favor of the child against his estate.

It is urged, however, by the appellants that the conveyances made by the father were testamentary, and that they were therefore subject to the right of inheri-

4. TESTAMENTARY
DISPOSITION OF
PROPERTY:
inheritance.

tance in a child subsequently born. But the conveyances in question were not testamentary within the meaning of the law in such a case. See *Burlington v. Barrett,* 22 Iowa, 72; *Craven v. Winter,* 38 Iowa, 471; *Leaver v. Gauss,* 62 Iowa, 314; *Saunders v. Saunders,* 115 Iowa, 275.

We see no ground upon which plaintiffs can stand. Their petition is predicated in the main upon the charge of fraud. As already indicated, no fraud was proven, nor was actionable fraud possible under the circumstances disclosed.

The trial court properly dismissed the petition, and its decree is *affirmed.*