SENECHAL, Appellant v. SENECHAL, Respondent

(112 N.W.2d 618)

(File No. 9922. Opinion filed January 10, 1962)

**Gallagher & Battey,** Redfield, for Plaintiff and Appellant.

**Lawrence E. Kayl,** Redfield, for Defendant and Respondent.

HANSON, J.   In this action to quiet title to the NW¼ of Section 4, Township 117, Range 61, Spink County, South Dakota, both parties claim title by virtue of deeds from the same grantor. The plaintiff, Thelma J. Senechal, is the stepmother of Oliver N. Senechal, defendant. The grantor in each of their deeds is Oliver L. Senechal, who was plaintiff's husband and defendant's father. The trial court

entered judgment quieting title in defendant and plaintiff appeals.

■ ■ The only issue properly presented for our consideration is whether or not the trial court's finding as to the delivery of defendant's deed is sustained by the evidence. The trial court's finding, of course, will not be disturbed on appeal unless it is contrary to the clear preponderance of the evidence. Also in reviewing the evidence for this purpose we are obligated to view the same in the light most favorable to the decision. When so reviewed the evidence shows an absolute and unconditional delivery of such deed.

■ Title to the land in question has been in the Senechal family for many years. Alfred L. Senechal acquired title in 1901. He conveyed the land to defendant's father, Oliver L. Senechal, by warranty deed dated October 12, 1943. Alfred retained a life estate in the property and such deed was not recorded until January 12, 1944 following the grantor's death.

Oliver L. Senechal and his son, Oliver N. Senechal, the defendant herein, were both residents of Denver, Colorado. A close and friendly relationship existed between them at all times. Defendant was an electrical contractor and maintained a shop in Denver where his father made almost daily visitations. On February 3, 1944 Oliver L. Senechal showed defendant the deed which he had received from Alfred and told defendant he wanted to give him the property under the same conditions. Defendant testified that his father "used to come into the shop quite a bit, and one day he came in and said 'I am going to give you this, I've gotten this land from Uncle Fred who'—Uncle Fred was dad's brother's, wait a minute, dad's father's brother. And he said that since Uncle Fred had turned it over to him at his death he wanted to do the same thing for me. And he turned it over with a stipulation that as long as he lived that he would have the right to anything in connection with the property, but it would be turned over to dad upon Uncle Fred's death, and that's when it was

filed. When dad gave it to me he said 'I am turning it over to you under the same circumstances, and when I'm gone it's yours. In the meantime if there's anything that we get off of it, it belongs to me'. I agreed to it." They then went to a printing company where Oliver L. Senechal procured a blank deed form. When they returned to the electrical shop Belle Woolfolk, defendant's secretary and bookkeeper, filled in the deed under Oliver L. Senechal's direction. The legal description was read off from another deed and a life estate was reserved by the grantor. After the deed was typed the father and son went to a Notary Public where the deed was executed. The deed was then delivered to the defendant Oliver N. Senechal. When he returned to his shop he handed the deed to his secretary who placed it in a file marked "Personal Papers O. N. Senechal". It remained there until the shop was robbed in 1948 and it was thereafter kept in defendant's safety deposit box in the First National Bank of Denver where it remained unrecorded until after his father's death. Defendant testified there were no instructions about recording the deed. It was left to his discretion and he implied it should not be recorded until after his father's death as Uncle Fred's deed had not been recorded until after his death.

Within a day or so after the execution and delivery of the above deed Oliver L. Senechal delivered the abstract of title to defendant. It remained in defendant's possession until 1956 when his father asked for it before making a trip back to South Dakota to settle an estate. He told defendant the land was mortgaged and suggested the property be sold. Defendant agreed to sell and delivered the abstract to his father. This agreement to sell apparently was never consummated and the abstract thereafter remained in the possession of defendant's father.

The deed from Oliver L. Senechal to his wife, Thelma J. Senechal, the plaintiff herein, was executed and recorded on June 5, 1950. Although there is a dispute in the testimony it appears that the plaintiff had actual notice or

knowledge of the prior unrecorded deed from her husband to defendant. However, the defendant did not have any notice or knowledge of plaintiff's deed until after his father's death. It also appears from the evidence that Oliver L. Senechal owned other properties in Colorado in addition to the South Dakota land in dispute.

The law applicable here is well stated in the case of McGillivray v. Wipf, 64 S.D. 367, 266 N.W. 724, 725, as follows:

"A deed, to become effective, must be delivered by the grantor during his lifetime. If it is executed only for delivery after the grantor's death, it is testamentary notwithstanding it is denominated a deed, and is valid only when executed in the form and manner provided by law for the execution of a last will and testament. Trumbauer v. Rust, 36 S.D. 301, 154 N.W. 801, 11 A.L.R. 10; Stalting v. Stalting, 52 S.D. 309, 217 N.W. 386. Plaintiff contends that there was no delivery of the deed. Whether there was a delivery is a question of intent to be found from all the facts surrounding the transaction. The rule seems to be well settled that a deed duly executed and acknowledged and shown to be in the possession of the grantee is self-proving, and the burden of proving nondelivery is upon the party claiming that it was not delivered. Ansted v. Grieve, 57 S.D. 215, 231 N.W. 912; Wolf v. Wolf, 59 S.D. 418, 240 N.W. 349, 350; Merkamp v. Niles, 62 S.D. 241, 252 N.W. 636. The presumption is not overcome by the fact that the deed was not recorded prior to the death of the grantor. Webb v. Webb, 130 Iowa 457, 104 N.W. 438; Rogers v. Jones, 172 N.C. 156, 90 S.E. 117; Collins v. Lamotte, 244 Mich. 504, 221 N.W. 635".

Also

"* * * as between two parties claiming from the same person, the one holding the elder title must prevail * * *". Bliss v. Tidrick, 25 S.D. 533, 127 N.W. 852, 853, 32 L.R.A.,N.S., 854.

Affirmed.

All the Judges concur.