LaFLEUR, Respondent v. ODOM, Appellant

(154 N.W.2d 212)

(File No. 10400.  Opinion filed November 21, 1967)

·   **Joseph M. Butler, Bangs, McCullen, Butler & Foye,** Rapid City, for plaintiff and respondent.

**Stephens, Riter, Mayer & Hofer,** Pierre, for defendant and appellant.

BIEGELMEIER, Judge.

Plaintiff, an attorney then of five years practice, sued for the reasonable value of services claimed to have been performed for defendant at her request investigating and securing evidence concerning an automobile accident. Defendant denied she employed plaintiff. The action was tried to the court and from a judgment for plaintiff defendant appeals.

Under familiar principles our review of the evidence is in the light most favorable to the decision. Senechal v. Senechal, 79 S.D. 416, 112 N.W.2d 618. It appears defendant, while

crossing a street in Rapid City, was struck by an auto on Christmas Eve, December 24, 1965, and was taken to a hospital for treatment of her injuries. Plaintiff's employment came about through his baby-sitter under the following circumstances—about a year before defendant's son became involved in some legal difficulty and at that time the baby-sitter told defendant she worked for plaintiff and recommended she phone him about it which she did. Plaintiff made some inquiry about the matter, and defendant decided to do nothing further about it. On the Christmas Eve mentioned this baby-sitter met her uncle who told her defendant had been hit by a car and was badly hurt, and he thought defendant should have a lawyer. The baby-sitter said she knew of one, naming plaintiff, and at the uncle's suggestion the baby-sitter called plaintiff and asked him to go up and see defendant at the hospital. It is undisputed defendant knew nothing about this at the time. Christmas afternoon plaintiff went to the hospital to see defendant, advised her that he had been asked to see if she needed legal help and it would be to her advantage to have that help immediately. He testified she said she would like to have him go to work for her. On this issue there was sharp conflict as two other witnesses were present at the time and both defendant and they disputed the hiring. It does appear defendant was badly injured and pictures taken a day or two later show her on a complicated bed arrangement with her legs in casts and one arm in traction strapped upright to the bedframe. At the time of the above conversation plaintiff stated defendant was lying on the bed face-down. Defendant's evidence was that she was under sedation and could not and did not employ plaintiff to represent her. A few days later other counsel was employed. Plaintiff's testimony was that he checked police records of the accident, interviewed witnesses and performed other services in the approximate three-day period before he learned other counsel had been employed. As we have indicated the evidence as to plaintiff's employment was sharply in conflict, and in those circumstances the burden on him who would undo them is heavy. Hilde v. Flood, 81 S.D. 25, 130 N.W.2d 100. The court found defendant had requested plaintiff to proceed on her behalf and on this issue we cannot disturb the trial court's findings of fact as we may only do so if

they appear contrary to the clear preponderance of the evidence.

■ There was some evidence of the services plaintiff performed and of the time involved. It appears that the main issue between the parties in the trial court was focused on the question of employment, and evidence on the time and value phase was vague and unclear. Evidently the plaintiff contended and the court found the work was done and should be compensated for on an hourly basis. The court by Findings Nos. X and XI found the plaintiff put in some 21 hours of time of the reasonable value of $20 an hour and entered a judgment of $420.00. By proposed findings of fact and argument in the brief defendant claims the evidence does not show the number of hours spent or reasonable value thereof. As to the reasonable value of the services the evidence of the plaintiff on direct examination was limited to a bill sent defendant on the basis of $30 an hour which plaintiff testified was a reasonable charge. On cross-examination he testified the customary charge for that work on an hourly basis was about $20 or $25 an hour. This was sufficient evidence upon which the court could fix the reasonable value of these services at $20 an hour. The Minimum Fee Schedule of the State Bar of South Dakota then current recommended a charge of $15 an hour for office work. See also 7 Am.Jur.2d, Attorneys At Law, § 269; St. Louis-San Francisco R. Co. v. Hurst, 198 Ark. 546, 129 S.W.2d 970, 122 A.L.R. 965.

On the number of hours, however, we find the record is not only vague but does not sustain the 21 hours found by the court. As to this point defendant's brief asserts the transcript shows plaintiff testified to only 14 1/2 hours. Plaintiff-Respondent's brief is directed only to the employment issue and makes no mention of the hours or basis of recovery. The trial judge in announcing his decision concluded,

> "there was a contract of employment. * * * the rate of compensation will be at the rate of twenty dollars per hour * * * for the number of hours that were testified to in the case. I believe, as I understand—as I recall the testimony—I don't have the exact number of

hours—but I believe that Mr. LaFleur did relate the number of hours here today that he testified to, and I think it was somewhat different than what we had the last time we got together; so he will use this basis here today as the basis for computing this fee."

The statement which plaintiff sent to defendant with a letter listed 20 hours of work performed and his testimony on direct examination identifying the bill stated it was correct. This 20-hour item evidently included a 2 1/2 hour visit with defendant's daughter who plaintiff admitted was not a witness to the accident. He testified there were two purposes for his visit—one, that he had not learned the limits of insurance from the driver of the car which injured the defendant and he wanted to find out what those insurance limits were, and also he wanted to get an executed contract with defendant and if her mother was unable to sign it they could go together and she could sign it for her. How defendant's daughter could have any information as to the insurance limits is not shown and neither this, nor the fact that he spent some of this time attempting to get a signed contract of employment with defendant is compensable. The cross-examination of plaintiff indicates only 17 hours time spent which, computed at the reasonable value per hour found by the trial court, results in $340.00 as a reasonable value of the services.

■ The judgment, therefore, is modified and affirmed in the sum of $340.00 and, both sides having prevailed in part, no costs will be taxed in this court. SDC 33.0713.

ROBERTS and HANSON, JJ., concur.

HOMEYER, P. J., and RENTTO, J., dissent in part.

HOMEYER, Presiding Judge, and RENTTO, Judge (dissenting in part).

We would affirm without modification. In our view the evidence sustains the finding of the trial court on the services rendered and the compensation allowed.