## BLISS v. TIDRICK,

Where both parties claim title to land under the same person, neither can deny the title of such person.

As between two parties claiming under the same person, the one holding the older title must prevail, except that a subsequent purchaser in good faith, for value, will be protected against a prior conveyance.

One who purchases at a sale under an attachment levied subsequent to a transfer of the property by the attachment debtor is not a purchaser for value, and is not protected against such transfer, and this regardless of the question of notice.

An estoppel by deed to dispute that the same conveys the title it purports to convey is binding, not only upon the grantor, but upon all persons in privity with him, including a purchaser under an attachment levied upon the property; such levy being subsequent to the deed and the attachment issuing against grantor.

A deed, though void on its face, is entitled to record.

A warrant or covenant in a representative capacity which is unauthorized is binding personally.

A grantor in an administrator's deed, though it may be void so far as the estate he represents is concerned, is estopped to question its validity as against himself or to set up any rights he may have been vested with personally at the time he executed such deed.

Where an heir who was also the personal representative, intending to convey the interest owned by the estate for its benefit, and through it for the benefit of the heirs, including such representative, executes a conveyance to a purchaser in good faith for value to carry out such intent, he is estopped, regardless of any covenants or warranties, to set up that the instrument is void and of no effect.

(Opinion filed, June 4, 1910.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by Alida C. Bliss against C. D. Tidrick. From a judgment for plaintiff an an order denying a new trial, defendant appeals. Affirmed.

*Preston & Hannett,* for appellant.

It is only an instrument that has some validity, and may in some manner affect real estate that can be recorded. There is no statute authorizing the recording of a void instrument. Stone v. French, 1 Am. St. 241. One who is in a representative capacity assumes to sell and convey to another the entire estate and land, is estopped, as against the purchaser from asserting an estate in his own right in the same land, and this, although the first sale and deed was void. Wells v. Steckelberg, 72 N. W., 865.

*James Brown,* for respondent.

WHITING, P. J. This action was brought to determine the title in and to certain land in Brule county, S. D., of which land one Ole Larson died seised, leaving surviving him his widow, Anna Larson, and several children. Plaintiff claimed to have received title to an undivided one-third interest in and to said land under and by virtue of a deed from one E. C. Rowell, dated September 20, 1902, and recorded September 22, 1902, and plaintiff contended that her said grantor received title to said undivided one-third interest in said land under and by virtue of an instrument recorded in the office of the register of deeds of Brule county on August 14, 1902, which said instrument is in words and figures as follows: "Know all men by these presents that whereas, I, Anna Larson, of Palo Alto county, state of Iowa, administratrix of the estate of Ole Larson, late of said county, deceased, finding the personality of said estate inadequate to satisfy the debts of said estate filed a petition in the Dist. Ct. of Palo Alto county, Iowa, praying for power and authority to sell the real estate hereinafter described for that purpose, and whereas by an order of the district court, made at its May 1902 term, to-wit, on the 28th day of May, 1902, I was authorized to sell the same either at public or private sale and whereas I have caused the same to be appraised and the appraisement to be duly filed and entered of record, and whereas, I, on the 16th day of July, A. D. 1902, did sell the real estate hereinafter named to E. C. Rowell at private sale for $1,300: Now, therefore, know ye, that I, Anna Larson, administratrix as aforesaid, by virtue of the power and authority in me vested as aforesaid, and in consideration of said sum of

$1,300, do hereby grant, bargain, sell and convey unto the said E. C. Rowell all the following described real estate situated in Brule county and state of South Dakota, to-wit: The northwest quarter section seventeen, in township one hundred and one, range sixty-seven west of the fifth P. M. And I warrant the title to the same as fully as the authority above mentioned and as by law I am authorized to do. Witness my hand this 23rd. day of July, 1902. Anna Larson, Administratrix Aforesaid." The defendant contended that he had acquired title in and to said lands by purchase at sale under special execution issued upon a judgment based upon attachment proceedings, wherein said lands had been attached as the property of said Anna Larson, which said attachment suit was begun November 24, 1902. It will be noticed that the deed above set forth purports to be that of an administratrix acting under and by virtue of an order issued from an Iowa court, and it was the contention of the defendant that such deed was void, and that, therefore, no title passed to the grantee named therein, leaving said Anna Larson vested with an undivided one-third interest, as heir of Ole Larson, which one-third interest passed to defendant upon his purchase upon such execution sale. The trial court found in favor of the plaintiff, and the defendant has appealed to this court.

Several assignments of error appear in the record herein, but the only matters meriting our consideration relate to the admissibility in evidence of the record of the purported administratrix deed, which record was admitted for the purpose of proving such deed, and the legal effect of such deed upon the grantor therein named and parties claiming under her. For the purposes of this trial, regardless of whether any testimony was offered to establish the same, it must be conceded that Anna Larson, as the widow of Ole Larson, became vested with an undivided one-third interest in fee simple to the lands in question, for, as was well held in the case of Gilliam v. Bird, 30 N. C. 280, 49 Am. Dec. 379, whenever both parties claim under the same person, neither of them can deny the title of such person, and, as between two parties claiming from the same person, the one holding

the elder title must prevail, with, of course, the reservation that a subsequent purchaser in good faith, for value, and without notice actual or constructive, will be protected as against a prior conveyance. It must also be conceded that one who purchases at an attachment sale under · an attachment levied subsequent to the transfer of the property by the attachment debtor is not a purchaser for value, and is therefore not protected against such conveyance, and this regardless of the question of notice. Roblin v. Palmer, 9 S. D. 36, 67 N. W. 949; Murphy v. Plankinton Bk. et al .,13 S. D. 501, 83 N. W. 575. Therefore the appellant, under his purchase, could acquire no greater rights than were held by Anna Larson at the time of the levy of the attachment, and, if she had conveyed her title by the aforementioned deed, appellant obtained no rights under such attachment. We think it is also fully established that, if a party is estopped by his deed to dispute that the same conveys the title it purports to convey, such estoppel is binding, not only upon the grantor in such deed, but also upon all parties privy to such grantor, including, as such privy, purchasers under an attachment levied upon the property described in the deed, such levy being subsequent to the execution of such deed, and such attachment issuing in action against such grantor. This was specifically held in the above case of Gilliam v. Bird. See, also, 16 Cyc. at page 716.

Upon the trial of this cause the respondent offered in evidence the record of the above purported administratrix's deed for the purpose of proving such deed. The appellant objected to its receipt in evidence upon the ground that such deed was absolutely void upon its face, that, therefore, it was not entitled to record, and, not being entitled to record, the record thereof was not competent evidence to prove the deed. This objection was overruled, and the record received in evidence. We think the ruling of the court was correct. Appellant cites in support of his position the case of Stone v. French, 37 Kan. 145, 14 Pac. 530, 1 Am. St. Rep. 237; and, while there are some statements by way of obiter contained in the opinion which taken by themselves would seem to sustain appellant's position, yet a reading of such opinion

shows clearly that all the court held therein was that the recording of a void instrument could give to it no validity, and therefore innocent purchasers relying upon the record of same could acquire no rights under the recording acts. It did not hold that the record of such instrument could not be received in evidence. Conceding that this instrument was void on its face, it would stand before us the same as any other deed clearly void upon its face, and this court has frequently held, and it has become the established law of this state, that a deed void on its face is yet color of title sufficient for the purpose of founding a claim by adverse possession. Murphy v. Datoe, 18 S. D. 42, 99 N. W. 86. It necessarily follows, we think, that such a deed is entitled to record.

The real issue in this case is whether or not by the said purported administratrix's deed the grantor therein either conveyed her one-third interest in said lands therein described, or estopped herself from denying the validity of such conveyance so far as her one-third interest is concerned. The respondent herein contends that this question has been determined by our court in her favor by the case of Johnson v. Brauch, 9 S. D. 116, 68 N. W. 173, 62 Am. St. Rep. 857, but the appellant maintains that the opinion in the above case has no application to the case at bar, for the reason that the holding in said case was based upon the fact that the purported administrator's deed then before the court contained general warranties. We have examined the abstract in said cause, and find that it describes said deed merely as an administrator's deed without any mention of warranties, and it would therefore appear that the facts in said case were parallel to those in this case, but in the opinion it seems to be assumed that such deed contained general warranties, and the holding of the court seems to be based upon such warranties, and to be in no manner based upon the question of estoppel; the court holding that the title of the grantor in such deed passed owing to such warranties. While we think the conclusion reached in Johnson v. Brauch was correct, yet we think that, so far as the one-third interest held by the grantor as heir at the time of executing his deed, it did not pass to the grantee therein named by virtue of such warranties, as was

the case with the interest afterwards acquired by said grantor through the death of a son, but the grantee was entitled to claim said one-third interest by virtue of the equitable doctrine of estoppel, the said grantor being in equity estopped from ever questioning the validity of such deed so far as it affected his one-third interest.

In Duchess of Kinston's Case, 2 Smith, Lead. Cas. (8th Am. Ed.) note, p. 818, it is held: "Few rules of law are better established or of greater antiquity than that a man may bind himself irrevocably by putting his seal to a grant or covenant, and will not be allowed to disprove or contradict any declaration or averment contained in the instrument and essential to its purpose. A recital or allegation in a deed or bond which is certain in its terms and relevant to the matter in hand will therefore be conclusive between the parties in any controversy growing out of the instrument itself, or the transaction in which it was executed." In the case of Brown v. Edson, 23 Vt. 435, one of the judges who wrote a concurring opinion said: "In regard to the passing of the title from Baldwin to Jonothan Wilder, there is undoubtedly some irregularity, not easily explained. It is an attempt to convey land in this state, the title of which was in a deceased person, by virtue of an administrator and order of sale, obtained in the state of Massachusetts. Such administrator could have no authority, as such, over lands in this state. No rule of law is better settled than that the authority of an administrator is strictly confined to the jurisdiction. But in the particular case, if the deeds attempted to be proved were properly in evidence, and the identity of the parties shown, the title would be in the administrator himself, instead of his intestate. In such a case it becomes a grave question whether the grantor is not estopped to deny that whatever title he possessed did pass. I should, for one, be inclined to believe such must be the effect of his deed. It has often been held that the owner of land who stands by and aids in the execution of a deed of such land by a stranger, and himself becomes a witness of the conveyance, is thereby estopped to deny that the title passes; a fortiori, if he give a deed of the land him-

self, although as administrator of some one possessing no title, and of whose estate he has no legal administration." It will be noted that in this case the administrator was held estopped, although the deed itself, if valid, could not have conveyed title because there had been no title in the deceased party, how much stronger then in a case where the instrument, if valid, would have conveyed title.

In the case of Kellerman v. Miller, 5 Pa. Super. Ct. 443, the court said: "It clearly appears by the evidence that J. H. Miller was one of the actors in securing the sale of this real estate under the proceedings in the orphans' court. He joined in the return to the order of sale, in which he averred that the title to this land was in George Miller; also, that he had received the purchase money and had under the authority of the decree confirming the return of sale executed a deed, but he now asserts that the proceeding was void because the title was not in fact in George Miller, but in cestuis que trustent. The order for sale of this real estate was secured after the account of the administration had been filed and a balance had been determined in their favor against the estate of George Miller as against whose land they claim lien, and from which they claimed payment of this debt. J. H. Miller was so intimately connected with the title as a party in interest, with the administration account, and with the proceedings to sell the real estate, that he could not have been ignorant of the natural effects of his act; and had the land been purchased by a person unconnected with the title, there could be no question but that J. H. Miller would have been estopped from asserting the title he then held as against such a purchaser. So far as the evidence shows, there was no shadow of title in George Miller nor any assertion on the part of any one that such title existed, and, had J. H. Miller desired to put himself in such position as not to be restrained from asserting the title that he knew he had in the land, it would have been a very easy matter to have described the interest they were selling in the petition asking for the order of sale, and the deed following it in such a way that he would not be prejudiced thereby, although, had he done so, there probably would

have been no price offered. Instead of doing this, he undertook to sell the property under cloak of an order of court as the real estate of the decedent—that is, to raise money to pay in part the debt due him and his coadministrator—and, if the purchaser at such a sale would not acquire his individual title by estoppel, the reasons for applying the principle invoked in this case would be no longer well founded in any case, as the convincing argument of the learned trial judge shows. To us this is unanswerable." In the case of Wells v. Steckelberg, 52 Neb. 597, 72 N. W. 865, 66 Am. St. Rep. 529, wherein the facts were very similar to those in the case at bar, the court said: "We are of opinion that, under the circumstances, John B. Wells was estopped, both by deed and in pais, from setting up his own life estate against the defendant, and that the estoppel continued as against his grantee by quitclaim. There is in the deed no covenant of title or of warranty, but to create such an estoppel covenants seem unnecessary. As said by the Supreme Court of the United States, reviewing the authorities, and enforcing an estoppel under somewhat similar facts: 'If a deed bears on its face evidence that the grantors intended to convey and the grantee expected to become invested with an estate of a particular description or quality, and that the bargain had proceeded upon that footing between the parties, then, although it may not contain any covenants of title in the technical sense of the term, still the legal operation and effect of the instrument will be as binding upon the grantors and those claiming under them in respect to the estate thus described as if a formal covenant to that effect had been inserted.'" This last case is particularly in point, for the reason that the appellant contends there are no covenants or warranties in the deed in this case. The appellant refers us to the case of Gjerstadengen v. Van Duzen, 7 N. D. 612, 76 N. W. 233, 66 Am. St. Rep. 679, but an examination of such opinion will show that, while said court concedes the ordinary rule to be as claimed by the respondent herein, yet it held that in the case before that court there was evidence of an innocent mutual mistake, such as would not bar the grantor in a deed given by him in fiduciary capacity, in afterwards

claiming title which really was in such grantor and never had
been in the deceased party.

Even if a covenant or warranty was necessary in order to
entitle the respondent to invoke the estoppel claimed for herein,
can it be said that there is no covenant or warranty in the deed in
question? Our statute does not require the administrator in execu-
ting a deed as administrator to enter into any covenant or
warranty whatsoever, or use any words purporting to convey any
particular estate; but it is necessary merely to use words sufficient
to convey whatever interest the deceased had, and certainly no
covenant or warranty, either express or implied, would be binding
upon the estate. A reading of the deed herein shows that the
grantor represented that she was authorized to sell said land, that
under such authority she did sell the land, and that, therefore,
"by virtue of the power and authority in me vested, as aforesaid,
* * * do hereby grant, bargain, sell and convey unto the said
E. C. Rowell," etc. Furthermore, the grantor says in such deed:
"And I warrant the title to the same as fully as the authority men-
tioned and as by law I am authorized to do." In the early case
of Sumner v. Williams, 8 Mass. 162, 5 Am. Dec. 83, which has
been cited for nearly a century as a leading authority, it is held
that, where one purports to warrant or covenant in a representa-
tive capacity when one is not authorized so to do, such warranty
or covenant becomes personal and binding upon the party as
such, the court saying: "Whenever a man by an instrument under
seal undertakes to stipulate for another, if he acts without
authority,    or    beyond    his    authority,    he    is    answerable
personally    for    the    nonperformance    of    the    contract."    in
line with this decision, it was held, in the case of Allen
v. Sayward, 5 Greenl. (Me.) 227, 17 Am. Dec. 221, that a
covenant by an executor in a conveyance of the estate of the
testator is binding upon such executor, and this is held to be
true even where the excutor purports to covenant only as executor.
We cite on this proposition, also, the cases given in a note fol
lowing the above case in 17 Am. Dec., and also the numerous
cases found in 1 Notes to Am. Dec. 663, being the notes to the

above case of Sumner v. Williams. It is therefore well supported by authority that a grantor in a deed, such as the one before us, though such deed may in fact be absolutely void so far as the estate he represents is concerned, is absolutely estopped to question the validity of such instrument as against himself or to set forth any rights which he was vested with personally at the time of executing such deed. And it certainly conforms to common sense and justice that where a person, the heir to an estate and also the representative of such estate, intending to convey the interest to such lands owned by the estate for the benefit of the estate and through it for the benefit of the heirs, including such representative, enters into an instrument of conveyance with a purchaser in good faith and for value purporting to carry out the intention of such parties that the title to the property shall be conveyed, such person should be forever estopped, regardless of any covenants or warranties, from being heard to say that the instrument executed was void and of no effect. Such person being estopped to question the title of the grantee, such estoppel inures to the benefit of those claiming title under him, and is binding upon all persons privy to him.

The judgment of the trial court and the order denying motion for a new trial are affirmed.