GILLIAM *v.* BURGESS, clerk.

No. 7438. JANUARY 14, 1930.

*King, Caldwell & Partridge,* for plaintiff.

*B. H. Burgess,* for defendant.

GILBERT, J. This is a mandamus proceeding to require the clerk of superior court to index and record a deed to land. Paul B. Bailey and his wife, Edith W. Bailey, executed at Orlando, Fla., a warranty deed conveying described land in DeKalb County, Georgia, to E. A. Gilliam. It is admitted that the deed was, excepting the illegibility of the signature of one of the attesting witnesses, regularly executed in all respects, including an acknowl-

edgment thereon taken by Max R. Bien, Notary Public, State of Florida at Large, that the grantors had appeared before him, were known by him to be the persons who executed the deed, and had acknowledged the execution. This deed was presented to the clerk of the superior court of DeKalb County, who declined to record the same, solely because of his inability to read and make a true record of the name of the second witness attesting the signatures of the grantors. A photographic copy of the signatures of the attesting witnesses is here shown:

On the hearing the court refused to grant the writ, and Gilliam excepted. The deed is upon a printed form, on the back of which appears the name "Lyman M. Beckes, Attorney at Law, Orlando, Fla." The petition, after reciting this fact, alleges that the given name of the second attesting witness, "Lyman," can very easily be distinguished. At the hearing the petitioner put in evidence a telegram from Lyman M. Beckes, that he had "witnessed signatures of Paul and Edith Bailey, granting property to E. A. Gilliam; property in question located in Georgia," together with an affidavit of E. R. Milbourne, a resident of DeKalb County, that he was familiar with the signature of Lyman M. Beckes of Orlando, Florida, had examined the signature of the second witness attesting the deed in question, and that he knew the same to be that of Lyman M. Beckes of Orlando, Florida.

A glance at the so-called signature of the non-official attesting witness, as shown above, compels the conclusion that it can not be deciphered without aliunde evidence. The clerk of the superior

court, like any other person, seeing the signature for the first time, and without outside aid, would not have the slightest idea of the name of the person intended to be written. Consequently it would be impossible, in such circumstances, for the recording officer to intelligently write on his books any name purporting to be a copy. These reasons should be amply sufficient to deter any attesting witness from adopting illegible signatures. The issue is not raised in this case, and consequently is not decided here; but a serious question might be raised whether a grantee in a deed so attested would not be legally justified in refusing to receive the deed. Situations might easily arise where aliunde evidence or outside aid in determining the proper reading of such a signature might become impossible. We must, however, deal with this case on the record made. The Civil Code (1910), § 4203 provides: "To authorize the record of a deed to realty or personalty, when executed out of this State, the deed must be attested by or acknowledged before . . a notary public . . of the State and county, or city or county where executed, with his seal of office attached. . . A deed to realty must be attested by two witnesses, one of whom may be one of the officials aforesaid." The deed was admittedly executed according to the required forms of law, with one exception, to wit, whether the purported signature of the unofficial witness constituted a compliance with the law. "Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact." *White* v. *Margarahan*, 87 *Ga.* 217 (13 S. E. 509); *Slade* v. *Slade*, 155 *Ga.* 851 (3 *a*) (118 S. E. 645). "Exactly what constitutes a signing has never been reduced to a judicial formula. . . The principle upon which these cases proceeded was that whatever the testator or grantor was shown to have intended as his signature was a valid signing, no matter how imperfect or unfinished or fantastical or illegible, or even false, the separate characters or symbols he used might be, when critically judged." In re Platt's Estate, 148 Pa. 55 (23 Atl. 1038, 33 Am. St. R. 805), dealing with the signature of the testator in a will; Sheehan v. Kearney, 82 Miss. 688, 691, (21 So. 41, 35 L. R. A. 102). And see Hinseman v. Hinseman, 52 N. C. 510.

It should be borne in mind that the present proceeding has no binding effect on any third person. The suit merely binds Gilliam,

the grantee in the deed, and Burgess, clerk of the superior court. The validity of the deed is not otherwise questioned. Had it been, and had the deed appeared invalid for any reason, the court would have been justified in refusing the writ of mandamus. *Dancy v. Clerk*, 24 App. D. C. 487. The clerk of the superior court, by reason of the nature of his duties, is empowered with some discretion, but such discretion is not judicial in its nature. Id. The deed is valid and binding as between the parties without witnesses. *Johnson* v. *Jones*, 87 *Ga.* 85 (2) (13 S. E. 261). And it necessarily follows that it would be so without any record. The law for recordation is for the purpose of giving constructive notice to all persons other than the parties to the instrument. In actual practice some difficulty must often arise in reading the signatures, not only of attesting witnesses, but of the grantor. In deeds not printed or typewritten, but written in longhand, difficulties must frequently arise in deciphering portions of the body of deeds and other written instruments. But the construction and the reading by the clerk is not final. It is not binding upon any of the parties. It is merely prima facie, as giving notice to third parties. Such construction by the clerk and such record, the propriety of recording, as well as the accuracy of the recording, when the interests of third parties arise in judicial investigations, may be challenged. Indeed signatures of witnesses and of makers of written instruments may be perfectly legible and free from any confusion, but may be forged, and therefore not true signatures of witnesses or makers. In such case, as in instances stated above, the honest performance of duty by the recording officer to the best of his ability will not bind the parties at interest. Where the clerk is unable to decipher a signature for the purpose of proper record, he may, and most likely often does, resort to any available evidence or means to decipher the writing. When such aliunde evidence or outside aid is offered to or obtained by such officer, and no reason appears for doubting the accuracy or the sufficiency of such aid, it should be accepted and acted upon. In this case, on the hearing of the mandamus proceeding before the judge of the superior court, the evidence, without contradiction, was sufficient to compel the conclusion that the illegible signature was actually made by Lyman M. Beckes. Such being the case, the judge should have granted a mandamus absolute, and the refusal was error requiring a reversal.

*Judgment reversed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*