REQUESTED BY: Steven B. Timm, Gage County Attorney, Beatrice, Nebraska 68310.
May a Register of Deeds refuse to file instruments presented to him for filing which purport to be an interest in real estate?
No.
This is in reply to your inquiry concerning the duty of the Register of Deeds to record certain instruments that are not properly acknowledged or executed according to the statutes. In particular you have asked whether an instrument not properly executed and acknowledged should be recorded by the Register of Deeds, and, if he does record such documents, resulting in injury to another party, whether the county may be held liable for the expense of rerecording the proper conveyance and expunging the record. In addition, you ask if the Register of Deeds has the authority to advise the parties filing an instrument as to the specific defects in the instrument.
Section 23-1506, R.R.S. 1943, provides in pertinent part that:
 "The register of deeds . . . shall also record, or cause to be recorded, in suitable books, all deeds, mortgages, instruments, and writings presented to him for recording, and left with him for that purpose; . . ."
The statute goes on to state that:
 ". . . When such deeds, mortgages, instruments, and writings are so recorded, it shall be his duty to proof-read, or cause to be proof-read, such records; Provided,
if an error should occur in recording any of the writings mentioned in this section, thereby necessitating the rerecording of same, the expense thus incurred shall be paid out of the general fund of the county, . . ."
As a general rule, it has been held that only instruments contemplated by the recording act are entitled to record under such statute. See, e.g., Bourke v. Krick,304 F.2d 501 (4th Cir. 1962); Gilliam v. Burgess, 169 Ga. 705,151 S.E. 652 (1930). Thus a deed, even though void on its face may be entitled to record where the procedural requirements of the statute have been met. Bliss v.Tidrick, 25 S.D. 533, 127 N.W. 852 (1910).
We have been unable to find any case in which our court has considered the question which you have presented. Close examination of section 23-1506 reveals, however, that the Register of Deeds, has no discretionary authority to refuse to record instruments which are substantially defective (e.g., not properly executed and acknowledged). The Register of Deeds has the authority to proof-read the records,
and is held liable for the expense of rerecording the expungement only when an error in recording occurs. The legal validity of the instrument is best determinednot by the Register of Deeds at the time of recording, but rather in a subsequent judicial proceeding challenging the instrument. To require the Register of Deeds to rule on the legal effect of an instrument filed with him for recording places him in the untenable position of having to make a legal judgment as to the validity of an instrument. Although he may refuse to record an instrument which shows clearly on its face that it is not entitled to recording, Leathermanv. Schwab, 98 Fla. 885, 124 So. 459 (1929), the language of the instrument is immaterial if its legal effect is such that it is of a character which the recording statutes permit to be recorded. Carley v. Lee, 58 Ariz. 268, 119 P.2d 236
(1941). An instrument not properly acknowledged or executed thus appears to be entitled to recordation under section23-1506, since the Register of Deeds is obligated to `record, or cause to be recorded, in suitable books, all deeds, mortgages, instruments, and writings presented to him for recording, and left with him for that purpose. . .'
It therefore follows that the county is liable only for expenses incurred in rerecording instruments that were erroneously recorded (e.g., filed in the improper index, alphabetized improperly, and so forth). Also, the Register of Deeds has neither the authority nor the responsibility to advise the parties filing an instrument concerning specific defects therein.
To the extent that this opinion is inconsistent with the earlier opinion given by this office to the Gering County Attorney on February 27, 1946, the earlier opinion should be disregarded.